UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOSE SANTOS, JR.,

**COMPLAINT
WITH JURY DEMAND**

Plaintiff,

Civil Action No.: CV-22-9350

-against-

THE HARTFORD FINANCIAL SERVICES GROUP, INC.
doing business as THE HARTFORD and TRUMBULL
INSURANCE COMPANY,

Defendants.
-------------------------------------------------------------------X

Plaintiff, by his Attorneys DE MEO & ASSOCIATES, LLC, complaining of the

Defendants, respectfully sets forth and alleges as follows:

## NATURE OF CASE

1. This is an action for personal injuries sustained by Plaintiff JOSE SANTOS, JR. and

   arises from a pedestrian/motor vehicle accident that occurred on November 10, 2019 at

   the intersection of Jerome Avenue and East Mount Eden Avenue in the County of the

   Bronx, State of New York wherein Plaintiff JOSE SANTOS, JR. was a pedestrian

   walking while crossing a street and was struck by a motor vehicle.

## PARTIES

2. At the time of the accident Plaintiff JOSE SANTOS, JR. was a resident of the County of

   Kings, State of New York.

3. At the time of commencement of this action, Plaintiff JOSE SANTOS, JR. was a resident

   of the County of Kings, State of New York.

4. At the time of the accident and at the time of the commencement of this action, and at all

   times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL

   SERVICES GROUP, INC. doing business as THE HARTFORD, was/is a foreign

corporation with a principal place of business of One Hartford Plaza, Hartford, CT 06115 and was operating and/or conducting business in the State of New York, inclusive of the territory of the State of New York located within the confines of the Southern District of New York, under and by virtue of the laws and/or authority of the State of New York.

5. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, was/is an insurance company that provided and/or wrote automobile insurance policies in the United States of America and the State of New York.

6. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, transacted business within the State of New York.

7. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, contracted anywhere to supply goods or services in the State of New York.

8. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, committed a tortious act within the State of New York.

9. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and expected or reasonably should have expected the act to have consequences in the State of New York and derived substantial revenue from interstate or

international commerce.

10. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and regularly did or solicited business, or engaged in persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, owned, used or possessed real property situated within the State of New York.

12. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, was/is a foreign corporation with a principal place of business of One Hartford Plaza, Hartford, CT 06115 and was operating and/or conducting business in the State of New York, inclusive of the territory of the State of New York located within the confines of the Southern District of New York, under and by virtue of the laws and/or authority of the State of New York.

13. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, was/is a subsidiary, affiliate, agent, agency, unit, division, department and/or underwriting company of Defendant THE HARTFORD FINANCIALSERVICES GROUP, INC. also known as THE HARTFORD.

14. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, was/is an insurance company that provided and/or wrote automobile insurance policies in the United States of America and the State of New York.

3

15. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, transacted business within the State of New York.

16. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, contracted anywhere to supply goods or services in the State of New York.

17. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, committed a tortious act within the State of New York.

18. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and expected or reasonably should have expected the act to have consequences in the State of New York and derived substantial revenue from interstate or international commerce.

19. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, committed a tortious act without the State of New York causing personal injury to Plaintiff JOSE SANTOS, JR. within the State and regularly did or solicited business, or engaged in persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the State of New York.

20. At the time of the accident and at the time of the commencement of this action, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, owned, used or possessed real property situated within the State of New York.

## **JURY DEMAND**

21. Plaintiff demands a trial by jury on all issues of fact and damages stated herein.

## JURISDICTION – Federal Question

22. The Court has Federal Question Jurisdiction pursuant to the provisions of 28 U.S.C. §1331 and §1364.

## JURISDICTION – Supplemental

23. Although claims arising under United States of America government issued law are interposed herein, there may be claims asserted pursuant to state law and/or local law that are related to claims in this action and that form part of the same case or controversy under the United State Constitution. As per 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over such other related claims.

## VENUE

24. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2), (c)(2) and (d).

## FACTS

25. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, the Permanent Mission of Ghana/Ghana UN Mission was the owner of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

26. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, the Permanent Mission of Ghana/Ghana UN Mission was the registered owner of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

27. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

28. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye operated and/or was the operator of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD with the permission, consent and/or knowledge of the Permanent Mission of Ghana/Ghana UN Mission as owner of said motor vehicle.

29. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission maintained and/or was responsible for maintaining and/or the maintenance to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

30. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission controlled and/or was responsible for controlling and/or the control to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

31. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission managed and/or was responsible for managing and/or the management to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

32. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission used, occupied and/or possessed and/or was using, in possession of and/or in occupancy of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

33. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission inspected and/or was responsible for inspection and/or the inspections to/of a 2018 Toyota motor vehicle

6

bearing United States of America government issued registration number/license plate number 0095TVD.

34. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission repaired and/or was responsible for repairing and/or the repairs to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

35. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission supervised and/or was responsible for supervising and/or the supervision to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, inclusive of the ownership, operation, maintenance, management, control, use, possession, occupancy, contracting, subcontracting, leasing, renting, entrustment, repair and/or inspection to/of said motor vehicle.

36. That on or about November 10, 2019, and at all times hereinafter mentioned, there was a lease agreement and/or rental agreement and/or contract in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

37. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was a party to a lease agreement and/or rental agreement and/or contract that was in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

38. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the lessor of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

39. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the lessee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

40. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the renter of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

41. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the rentee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

42. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the contractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

43. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the contractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

44. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the subcontractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

45. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was the subcontractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license

plate number 0095TVD.

46. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

47. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Camarat Abdoulaye.

48. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Camarat Abdoulaye maintained and/or was responsible for maintaining and/or the maintenance to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

49. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Camarat Abdoulaye controlled and/or was responsible for controlling and/or the control to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

50. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Camarat Abdoulaye managed and/or was responsible for managing and/or the management to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

51. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye used, occupied and/or possessed and/or was using, in possession of and/or in occupancy of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

52. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Camarat Abdoulaye inspected and/or was responsible for inspection and/or the inspections to/of a 2018 Toyota motor vehicle bearing United States of America

government issued registration number/license plate number 0095TVD.

53. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Camarat Abdoulaye repaired and/or was responsible for repairing and/or the repairs to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

54. That on or about November 10, 2019, and prior thereto, and at all times hereinafter mentioned, Camarat Abdoulaye supervised and/or was responsible for supervising and/or the supervision to/of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, inclusive of the ownership, operation, maintenance, management, control, use, possession, occupancy, contracting, subcontracting, leasing, renting, entrustment, repair and/or inspection to/of said motor vehicle.

55. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was a party to a lease agreement and/or rental agreement and/or contract that was in existence and/or in effect pertaining to a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

56. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the lessor of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

57. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the lessee of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

58. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the renter of a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

59. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the rentee of a 2018 Toyota motor vehicle bearing United States of

America government issued registration number/license plate number 0095TVD.

60. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the contractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

61. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the contractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

62. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the subcontractor of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

63. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was the subcontractee of/for a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

64. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

65. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye entrusted a 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD to Permanent Mission of Ghana/Ghana UN Mission.

66. That on or about November 10, 2019, and at all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission was a mission to the United Nations with a headquarters location of 19 E. 47th Street New York, N.Y. 10017.

67. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was a member of the Permanent Mission of Ghana/Ghana UN Mission.

68. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was a family member of a member of the Permanent Mission of Ghana/Ghana UN Mission.

69. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was a member of the diplomatic, administrative, technical and/or service staff of the Permanent Mission of Ghana/Ghana UN Mission.

70. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was an agent, servant, representative, personnel and/or employee of the Permanent Mission of Ghana/Ghana UN Mission.

71. That on or about November 10, 2019, and at all times hereinafter mentioned, Camarat Abdoulaye was in the course of his employment and/or duties with the Permanent Mission of Ghana/Ghana UN Mission.

72. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, was an insurance company that provided and/or wrote automobile insurance policies in the United States of America and the State of New York.

73. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, was an insurance company that provided and/or wrote automobile insurance policies in the United States of America and the State of New York.

74. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY, was a subsidiary, affiliate, agent, agency, unit, division, department and/or underwriting company of/for Defendant THE HARTFORD FINANCIALSERVICES GROUP, INC. also known as THE HARTFORD.

75. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE

HARTFORD, provided a contract of automobile insurance and/or an automobile insurance policy for the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

76. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY provided a contract of automobile insurance and/or an automobile insurance policy for the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

77. That on or about November 10, 2019, and at all times hereinafter mentioned, there was in effect and existence a contract of automobile insurance and/or an automobile insurance policy for the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD provided by Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD.

78. That on or about November 10, 2019, and at all times hereinafter mentioned, there was in effect and existence a contract of automobile insurance and/or an automobile insurance policy for the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD provided by Defendant TRUMBULL INSURANCE COMPANY.

79. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD, insured the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD.

80. That on or about November 10, 2019, and at all times hereinafter mentioned, Defendant TRUMBULL INSURANCE COMPANY insured the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number

0095TVD.

81. That on or about November 10, 2019, and at all times hereinafter mentioned, the roadways, streets, thoroughfares, parkways and/or highways comprising the intersection of Jerome Avenue at and/or near East Mount Eden Avenue in the County of Bronx, State of New York, were, and still are, public roadways, streets, thoroughfares, parkways and/or highways in the State of New York used extensively by the public in general.

82. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York.

83. That on or about November 10, 2019, and at all times hereinafter mentioned, there was contact between Plaintiff JOSE SANTOS, JR. as a lawful pedestrian and the 2018 Toyota motor vehicle bearing United States of America registration number/license plate number 0095TVD being owned by Permanent Mission of Ghana/Ghana UN Mission and operated by Camarat Abdoulaye.

84. That on or about November 10, 2019, and at all times hereinafter mentioned, Plaintiff JOSE SANTOS, JR. was a lawful pedestrian walking within a crosswalk and attempting to cross/in the process of crossing a street at the intersection of Jerome Avenue and East Mount Eden Avenue in the County of Bronx, State of New York when he was struck by the 2018 Toyota motor vehicle bearing United States of America registration number/license plate number 0095TVD being owned by Permanent Mission of Ghana/Ghana UN Mission and operated by Camarat Abdoulaye which was attempting to make/in the process of making a left turn from Jerome Avenue onto East Mount Eden Avenue.

85. That the aforesaid occurrence was due to the wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, unlawful and/or culpable conduct, acts and/or omissions of Permanent Mission of Ghana/Ghana UN Mission and/or Camarat Abdoulaye, either jointly and/or severally, and/or any of their members, agents, servants,

14

employees, licensees, officers, offices, directors, administrators, commissioners, executives, departments, commissions, committees, divisions, subsidiaries, affiliates, agencies, representatives, contractors, subcontractors, personnel, lessors, lessees, renters, rentees and/or principals, either jointly and/or severally, in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment and/or control of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, and were further wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, unlawful and/or culpable, either jointly and/or severally, inter alia in the following manner: in failing to and/or failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably own, operate, maintain, manage, control, supervise, use, possess, occupy, contract, subcontract, lease, rent, entrust, repair and/or inspect their motor vehicle; in failing to and/or failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably exercise due care and caution in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment and/or control to/of their motor vehicle; in failing to and/or failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably teach, instruct and/or train in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment and/or control to/of their motor vehicle; in failing to and/or failing to properly, adequately, sufficiently, lawfully, prudently, safely and/or reasonably have, keep and/or maintain their motor vehicle under control; in their motor vehicle traveling/proceeding at an excessive, dangerous, hazardous, improper, imprudent, unlawful, unreasonable and/or unsafe rate of speed given the driving, road, pedestrian, weather and/or traffic conditions there existing at the accident location and/or under the circumstances then and there prevailing at the

accident location and at the time of the accident; in failing to stop at, yield to, abide by,
adhere to, comply with and/or obey a traffic and/or speed control device, light, sign
and/or signal; in failing to properly, adequately, sufficiently, safely, prudently, lawfully
and/or reasonably make/attempt to make/proceed to make a left turn; in failing to and/or
failing to properly, adequately, sufficiently, safely, prudently, lawfully and/or reasonably
use/operate/utilize the left turn directional signal/blinker signal; in failing to and/or
failing to properly, adequately, sufficiently, prudently, safely, lawfully and/or reasonably
stop at, yield to, abide by, adhere to, comply with and/or obey a pedestrian control
device/light/signal; in failing to stop at, yield to, abide by, adhere to, comply with and/or
obey a lane and/or road marking and/or a lane and/or road traffic and/or speed marking,
inclusive of a crosswalk; in their motor vehicle being operated dangerously, hazardously,
improperly, imprudently, insufficiently, unlawfully, inadequately, unreasonably and/or
unsafely given the road, pedestrian, traffic, weather and/or driving conditions then and
there existing at the accident location and/or under the circumstances then and there
prevailing at the accident location and at the time of the accident; in failing to and/or
failing to properly, adequately, sufficiently, prudently, lawfully, safely and/or reasonably
observe and see what there was to observe and see; in failing to and/or failing to maintain
a proper, sufficient, adequate, lawful, prudent, safe and/or reasonable maintain a lookout;
in failing to and/or failing to properly, sufficiently, adequately, lawfully, prudently, safely
and/or reasonably look forward, right and/or left; in failing to and/or failing to properly,
sufficiently, adequately, lawfully, prudently, safely and/or reasonably use/view the
rearview and/or sideview mirrors; in failing to have rearview and/or sideview mirrors
equipped on their motor vehicle; in failing to have any rearview and/or sideview mirrors
properly, sufficiently, adequately, lawfully, prudently, safely and/or reasonably
positioned and/or tilted on their motor vehicle; in failing and/or failing to properly,
sufficiently, adequately, prudently, safely, lawfully and/or reasonably heed warnings; in
failing to and/or failing to properly, sufficiently, lawfully, adequately, safely, reasonably
and/or prudently warn, sound a horn or other signaling or warning devices; in failing

16

and/or failing to properly, sufficiently, adequately, prudently, safely, lawfully and/or reasonably have a horn of the motor vehicle operational; in failing to and/or failing to timely, properly, adequately, sufficiently, lawfully, safely, prudently and/or reasonably change speed and/or direction of his motor vehicle; in failing to and/or failing to timely, properly, adequately, sufficiently, safely, lawfully, prudently and/or reasonably brake, steer, swerve, or use and/or engage in other operating measures to avoid the accident; in failing to apply the brakes or any braking mechanism and/or failing to apply the brakes or any braking mechanism in a timely, proper, adequate, sufficient, safe, lawful, prudent and/or reasonable manner; in failing to have the brakes and/or any braking mechanism be in working order and/or in proper, safe, sufficient, adequate, lawful, prudent and/or reasonable working order; in failing to steer his motor vehicle and/or failing to steer their motor vehicle in a proper, adequate, sufficient, safe, prudent, lawful and/or reasonable manner; in failing to have the steering and/or any steering mechanism be in working order and/or in proper, sufficient, adequate, safe, prudent, lawful and/or reasonable working order; in failing to have hands on the steering wheel and/or properly placed and/or positioned on the steering wheel; in failing to and/or failing to properly, adequately, sufficiently, safely, prudently, lawfully and/or reasonably own, operate, maintain, use, manage, possess, occupy, lease, rent, contract, subcontract, supervise, repair, inspect, entrust and/or control their motor vehicle, inclusive of not doing so in accordance with the applicable rules, codes, laws, guidelines, regulations, surveys, evaluations, standards, statutes, ordinances and vehicle and traffic laws of the County of Bronx, City and State of New York and/or the Federal Government of which the Court will take Judicial Notice; in violating, breaching, neglecting, disregarding and/or failing to abide by, adhere to, carry out and/or comply with the applicable rules, codes, laws, guidelines, regulations, surveys, evaluations, standards, statutes, ordinances, and vehicle and traffic laws of the County of Bronx, City and State of New York and/or the Federal Government of which the Court will take Judicial Notice, including, but not limited to the following: New York State Motor Vehicle and Traffic

17

Law sections 300, 301, 301-a, 307, 312, 335, 355, 375, 376, 376-a, 382, 382-a, 382-b, 385, 386, 388, 390, 401, 501, 501-b, 502, 503, 503-a, 504, 507, 511, 511-a, 512, 1100, 1101, 1110, 1111, 1111-a, 1112, 1113, 1116, 1120, 1125, 1128, 1129, 1130, 1141, 1142, 1143, 1146, 1150, 1151, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1172, 1180, 1180-a, 1192, 1192-a, 1194-a, 1200, 1201, 1202, 1212, 1213, 1225, 1225-c, 1226, 1227; in failing to exercise proper, sufficient, adequate, prudent, safe, lawful and/or reasonable care, prudence and caution upon approaching Plaintiff; in failing to avoid contact with Plaintiff; in coming into contact with Plaintiff; in failing to take and/or failing to take necessary, proper, sufficient, adequate, safe, lawful, prudent and/or reasonable steps, means, measures and/or precautions to avoid and guard against the happening of the accident; in their motor vehicle not being operated as a reasonably prudent person would under the circumstances then and there existing at the accident location; in failing to and/or failing to properly, adequately, sufficiently, lawfully, prudently, safely and/or reasonably slow down and/or stop their motor vehicle; in their motor vehicle following and/or being too close and/or more close to Plaintiff than reasonable and prudent under the circumstances then and there prevailing at the accident location; in their motor vehicle being operated by an individual impaired by alcohol; in the operator of their motor vehicle using a mobile telephone while operating their motor vehicle; in failing to and/or failing to properly, sufficiently, adequately, prudently, lawfully, safely and/or reasonably yield the right of way to Plaintiff; in their motor vehicle being operated with reckless disregard as to pedestrians; in failing to and/or failing to properly, sufficiently, adequately, prudently, safely, lawfully and/or reasonably conduct inspections/repairs/maintenance and/or routine inspections/repairs/maintenance to/of their motor vehicle and/or any equipment thereon; in operating his motor vehicle in a manner which unreasonably interfered with the free and proper use of the roadway by pedestrians and/or which endangered pedestrians; in failing to and/or failing to properly, sufficiently, adequately, lawfully, prudently, safely

18

and/or reasonably anticipate, prevent and otherwise avoid the accident; in allowing, permitting, causing and/or creating the accident to occur; in failing to and/or failing to properly, sufficiently, adequately, lawfully, prudently, safely and/or reasonably operate their motor vehicle with due regard for the safety of pedestrians; in their motor vehicle being operated by an individual who was and/or known to be an incompetent and/or inexperienced driver; in entrusting their motor vehicle to an individual who was and/or known to be an incompetent and/or inexperienced driver; in their motor vehicle being operated when it was in and/or known to be in improper working order; in entrusting their motor vehicle to an individual when it was and/or known to be in improper working order; in failing to have and/or failing to have a proper, sufficient, adequate, prudent, lawful, safe and/or reasonable maintenance, inspection and/or repair plan/schedule/procedures/process/guidelines/measures/rules in place in regards to the equipment and/or operation of their motor vehicle; in violating/breaching/neglecting/disregarding/failing to adhere to, comply with, abide by, carry out any maintenance, inspection and/or repair plan/schedule/procedures/process/guidelines/measures/rules in place in regards to the equipment and/or operation of their motor vehicle; in their motor vehicle being moved from the stopped, standing and/or parked position when it was not reasonably safe to do so; in otherwise being wrongful, negligent, grossly negligent, careless, reckless, in reckless disregard, grossly reckless, unlawful and/or culpable conduct in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, renting, contracting, subcontracting, supervision, repair, inspection, entrustment and/or control of their motor vehicle;

86. That as a result of the aforesaid accident, Plaintiff JOSE SANTOS, JR. sustained bodily, mental, emotional and/or psychological injury, inclusive of a fracture to the third proximal phalanx, laceration to the head and seizures.

87. That on or about November 10, 2019, and prior thereto, and all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission and Camarat Abdoulaye, as owner and operator respectively of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, jointly and/or severally, had the duty, obligation and/or responsibility to own, operate, maintain, use, manage, possess, occupy, lease, contract, subcontract, rent, supervise, repair, inspect, entrust and/or control their motor vehicle, and to do so in a reasonable, proper, safe, lawful, sufficient, adequate and/or prudent manner.

88. That on or about November 10, 2019, and prior thereto, and all times hereinafter mentioned, Permanent Mission of Ghana/Ghana UN Mission and Camarat Abdoulaye, as owner and operator respectively of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, jointly and/or severally, breached, disregarded, neglected, violated and/or failed in their duty, obligation and/or responsibility to own, operate, maintain, use, manage, possess, occupy, lease, contract, subcontract, rent, supervise, repair, inspect, entrust and/or control their motor vehicle in a reasonable, proper, safe, lawful, sufficient, adequate and/or prudent manner.

89. That the aforesaid accident and injuries and/or damages resulting therefrom to the Plaintiff JOSE SANTOS, JR. were caused and/or due wholly and/or solely as a result of the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of the Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, in the ownership, operation, maintenance, use, management, possession, occupancy, leasing, contracting, subcontracting, renting, supervision, repair, inspection, entrustment and/or control of their motor vehicle, without Plaintiff in any way contributing thereto.

90. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Camarat Abdoulaye as operator of the 2018 Toyota motor

vehicle bearing United States of America government issued registration number/license plate number 0095TVD is alleged to be imputed by operation of law to Permanent Mission of Ghana/Ghana UN Mission as owner of said motor vehicle under the theory of vicarious liability and/or respondeat superior.

91. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Permanent Mission of Ghana/Ghana UN Mission and/or Camarat Abdoulaye as owner and operator respectively of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, is assumed by and/or attached to Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. also known as THE HARTFORD as per 28 U.S.C. §1364

92. Any liability and/or wrongful, negligent, grossly negligent, careless, reckless, grossly reckless, in reckless disregard, unlawful and/or culpable conduct herein established against Permanent Mission of Ghana/Ghana UN Mission and/or Camarat Abdoulaye as owner and operator respectively of the 2018 Toyota motor vehicle bearing United States of America government issued registration number/license plate number 0095TVD, is assumed by and/or attached to Defendant TRUMBULL INSURANCE COMPANY as per 28 U.S.C. §1364

93. That no negligence and/or conduct on the part of the Plaintiff contributed to the accident herein in any manner whatsoever.

94. That the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, was/were the/a proximate cause of the accident and/or injuries and/or damages resulting therefrom to the Plaintiff.

95. That the aforesaid accident and injuries and/or damages resulting therefrom to Plaintiff and/or the wrongful, negligent, grossly negligent, careless, in reckless

disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, was/were foreseeable.

96. Plaintiff JOSE SANTOS, JR. is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

97. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. sustained serious injuries as defined in Subsection (d) of Section 5102 of the Insurance Law of the State of New York, and has sustained serious injury and economic loss greater than basic economic loss as defined in Subsection (a) of Section 5104 of the Insurance Law.

98. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. sustained serious, severe and permanent bodily, mental and/or emotional injuries and still suffers and will continue to suffer great physical, mental and emotional pain and serious bodily injury.

99. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. became sick, sore, lame and disabled and so remains and will continue to remain so.

100. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, Plaintiff JOSE SANTOS, JR.'s bodily, mental and/or emotional

injuries are permanent and he will permanently suffer from the physical, mental and emotional effects of the aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and suffering.

101. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. was compelled and/or obliged and did necessarily require medical aid and attention and did necessarily pay, incur and become liable therefore.

102. That by reason of the foregoing and the wrongful, negligent, grossly negligent, careless, in reckless disregard, reckless, grossly reckless, unlawful and/or culpable conduct of Permanent Mission of Ghana/UN Mission and Camarat Abdoulaye, either jointly and/or severally, Plaintiff JOSE SANTOS, JR. was, has been and will continue to be, unable to attend to his usual and/or normal daily activities, routine, occupation, vocation, duties and affairs in the manner required.

103. That the limitations of CPLR Section 1601 do not apply to this action.

104. That this action falls within one or more of the exceptions set forth in CPLR Section 1602, to wit, the limitations set forth in CPLR 1601 regarding limited liability of persons or entities jointly liable, limiting their responsibilities for non-economic damages to the amount of their equitable share of liability to 50% or less, does not apply in this case since, under CPLR 1602 (6), this limitation is inapplicable to any persons held liable by reason of his use, operation, or ownership of a motor vehicle or motorcycle, as those terms are defined respectively in Sections 311 and 125 of the State of New York Vehicle and Traffic Law.

105. Plaintiff JOSE SANTOS, JR. was damaged in a sum which exceeds the jurisdictional limits of all lower and/or other courts, together with interest, costs, and disbursements in this action.

WHEREFORE, Plaintiff JOSE SANTOS, JR. demands judgment against the

Defendants, either jointly and/or severally, in a sum of ONE MILLION DOLLARS

($1,000,000.00), together with the costs and disbursements of this action.

Dated: November 1, 2022
       Syosset, New York

Yours etc.,

By: CRAIG C. DE MEO (CD-7427)
DE MEO & ASSOCIATES, LLC
Attorneys for Plaintiff
4 Lilac Drive
Syosset, NY 11791
(516) 802-4846
ccdesq@aol.com

Civil Action No.: CV-22-9350

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSE SANTOS, JR.

                          Plaintiff,

          -against-

THE HARTFORD FINANCIAL SERVICES GROUP, INC.
doing business as THE HARTFORD and TRUMBULL
INSURANCE COMPANY,

                          Defendants.

-------------------------------------------------------------------x

## COMPLAINT WITH JURY DEMAND

DE MEO & ASSOCIATES, LLC
Attorney for Plaintiff-SANTOS, JR.
4 Lilac Drive
Syosset, New York 11791
(516) 802-4846